# PHILOMENE M. KOPESKY v. PRECISION GASKET COMPANY.

156 N. W. (2d) 205.

February 2, 1968—No. 40,843.

*K. Maxfield Otto,* for appellant.
*R. P. Harriman,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the Municipal Court of Hennepin County denying plaintiff's alternative motion for amended findings or a new trial.

Action was brought by plaintiff for rentals alleged to be due under a lease executed August 15, 1959, for a 5-year period commencing September 1 of that year. The dispute occurs because of this provision of the lease:

"It is also agreed between lessor and tenant that in case the *taxes paid* by the lessor upon the property of which the within leased premises are a part, shall *in any year or years during the term of this lease* be increased over and above the sum of Twenty-four and 14/100 dollars ($24.14) annually, then the tenant shall pay as part of the annual rental of said premises, for such year or years, in addition to the amount hereinbefore named, an amount equal to such increase.

"*The amount* to be added to the rent thus provided on account of increase of taxes in any year or years *shall be added at the time of rent payment* on or next after the date when penalty or loss of the customary

discount begins to accrue for non-payment of such taxes. If the year's taxes are payable in two or more installments, then the amounts to be so added shall be apportioned and paid in the same way." (Italics supplied.)

The tenancy terminated by agreement on August 1, 1964. This suit involves the 1963 real estate taxes which became payable in 1964 and the 1964 real estate taxes which became payable in 1965.

The trial court found:

"That net taxes for the year 1963, allowing credit for the $24.14, amount to $965.50, of which defendant has paid $494.82, and that defendant occupied said premises for the months of July and August, 1964, or one-sixth of a year beyond the first half thereof. Therefore, the defendant owes the plaintiff one-sixth of $470.68, or $87.45."

Plaintiff's claim for rent representing the 1964 taxes payable in 1965 in the amount of $617.43 was rejected.

On this appeal the only question of significance is whether the trial court erred in failing to find that taxes assessed in 1964 (but not payable until January 1, 1965, and not delinquent as to one-half of the amount assessed until after May 31, 1965, and as to the balance until after October 31, 1965) should be used as a measure of the tenant's rental obligation under the lease.

If the obligation of the lessee was to pay as additional rent all taxes levied and assessed during the term of the lease, the rental obligation of the tenant would have included the 1964 real estate taxes. See, Craig v. Summers, 47 Minn. 189, 49 N. W. 742; Merle-Smith v. Minnesota Iron Co. 195 Minn. 313, 262 N. W. 865; Whitney v. Leighton, 225 Minn. 1, 30 N. W. (2d) 329. But this lease is not so phrased. The reference is to "taxes paid by the lessor * * * during the term of this lease." The additional amount becomes payable at *the time of the rent payment* on or next after the date when penalty or loss of the customary discount begins to accrue for nonpayment of such taxes—a date which must occur, if at all, during the period of the lease. The only way the provision as to the time of payment of the increased rental can be given operative meaning is to tie it to taxes actually *paid* by the lessor (as distinguished from taxes *levied and assessed*) during the term.

We do not concern ourselves with the question of whether the trial judge correctly measured defendant's rental obligation for the year 1964 by a figure representing approximately 8/12's of the 1963 taxes rather than by a figure representing either one-half of the taxes payable in 1964 or the whole thereof because that phase of the matter is not properly before us.[1]

Affirmed.

[1] We note that Minn. St. 272.31 has been amended with respect to the date that the lien of real estate taxes attaches. L. 1967, c. 578. But this does not affect our problem here which involves the distinction between assessment and payment.